## PEOPLE *v.* LONEY.

1. Criminal Law—Statutes—Inmate—Trial.

   Any inmate of a Michigan penal institution who is the subject of an untried warrant, indictment, information, or complaint setting forth against him a criminal offense for which a prison sentence might be imposed upon conviction shall be brought to trial within 180 days after the department of corrections delivers to the prosecuting attorney of the county in which such warrant, indictment, information or complaint is pending written notice of place of imprisonment of the inmate and request for a final disposition of the untried charges (CLS 1961, § 780.131).

2. Same—Charge Against Inmate—Commencement of Proceedings.

   Statutory requirement that accused inmate of a penal institution shall be brought to trial on untried complaint within 180 days does not require actual trial within that time but only good faith action to start proceedings in motion (CLS 1961, § 780.131).

3. Same—Charge Against Inmate—Prosecutor—Good Faith.

   Action by prosecutor in proceeding in good faith by *nolle prosequi* and issuance of a new complaint and warrant alleging attempted escape after complaint alleging accomplished escape was found to be based on erroneous assumption that escape was completed was sufficient action toward trial of inmate within the 180 days prescribed by statute and therefore statutory provision that violation of the 180-day rule operates to divest court of jurisdiction did not apply (CLS 1961, §§ 750.193, 780.131, 780.133).

---

References for Points in Headnotes

[1, 2, 4] 21 Am Jur 2d, Criminal Law §§ 246, 249.
[3, 5] 21 Am Jur 2d, Criminal Law § 512 *et seq.*

4. SAME—CHARGE AGAINST INMATE—STATUTE.

> 180-day statute was not intended to apply to new offenses committed after imprisonment for which mandatory consecutive sentences are provided (CLS 1961, § 780.131).

5. SAME—NOLLE PROSEQUI—TRIAL COURT DISCRETION.

> Trial court did not abuse discretion in granting a *nolle prosequi* on information charging escape from prison so that prosecutor could initiate complaint charging attempted escape, after defense objected to amendment of original complaint, warrant and information to charge attempted escape, where prosecutor himself discovered the fact that escape was not complete only a short time before trial was to start (CLS 1961, § 750.193).

Appeal from Ionia, Bebeau (Leo B.), J. Submitted Division 3 April 2, 1968, at Grand Rapids. (Docket No. 3,209.)  Decided June 28, 1968.

Edward M. Loney was convicted of attempted escape from prison. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Walter M. Marks,* Prosecuting Attorney, for the people.

*Rex P. O'Connor,* for defendant.

ZIEM, J.  On December 22, 1965, a complaint was signed and a warrant issued in Ionia county charging the defendant with escaping from prison. At the time, defendant was serving a pre-existing sentence of from 8 to 30 years imposed on February 21, 1963, by the Genesee county circuit court. In circuit court, 2 days before trial in April, 1966, a motion for *nolle prosequi* was granted. On April 20, 1966, a new complaint and warrant were issued charging attempted escape from prison. CLS 1961, § 750.193 (Stat Ann 1962 Rev § 28.390). Defendant was tried and convicted of attempted escape in the Ionia coun-

ty circuit court on August 31, 1966,, and was sentenced to a minimum term of 2 years and a maximum term of 3 years. This latter sentence, in accordance with the statute, was imposed as a consecutive sentence to commence at the termination of the sentence then being served.

The principal issues presented are whether the passage of 252 days from December 22, 1965, to August 31, 1966, bars this prosecution under the 180-day statute and whether the statute applies to offenses committed by persons who are already inmates at the time the offense is committed. A further issue of whether the trial judge abused his discretion in his ruling on the people's motion for *nolle prosequi* is also presented.

In the instant case, it was not until March, 1966, that the prosecutor learned that at the time of the alleged escape the appellant was still on state property when apprehended. The prosecutor then, rightly or wrongly, but in apparent good faith, elected not to amend the information, but chose instead to proceed by *nolle prosequi* and the issuance of a new complaint and warrant alleging attempted escape.

The 180-day statute, insofar as it is material, reads as follows:

Section 1 of the act provides, in part:

"Whenever the department of corrections shall receive notice that there is pending in this State any untried warrant, indictment, information or complaint setting forth against any inmate of a penal institution of this State a criminal offense for which a prison sentence might be imposed upon conviction, such inmate shall be brought to trial within 180 days after the department of corrections shall cause to be delivered to the prosecuting attorney of the county in which such warrant, indictment, information or complaint is pending written notice of the place of imprisonment of such inmate and a request for final

disposition of such warrant, indictment, information or complaint. * * *"

Section 3 provides:

"In the event that, within the time limitation set forth in section 1 of this act, action is not commenced on the matter for which request for disposition was made, no court of this State shall any longer have jurisdiction thereof, nor shall the untried warrant, indictment, information or complaint be of any further force or effect, and the court shall enter an order dismissing the same with prejudice." CLS 1961, §§ 780.131, 780.133 (Stat Ann 1968 Cum Supp §§ 28.969[1], 28.969[3]).

In *People* v. *Hendershot* (1959), 357 Mich 300, the Supreme Court held that the statutory requirement, that the accused "shall be brought to trial" within 180 days, does not require the actual trial within that time, but only the taking of good faith action to start the proceedings in motion. This was reaffirmed in *People* v. *Castelli,* 370 Mich 147, 153.

In the instant case, the 180 days had not expired when the prosecutor took action to start the proceedings in motion.

"The statute does not require the action to be commenced so early within the 180 day period as to insure trial or completion of the trial within that period. If, * * * apparent good faith action is taken well within the period and the people proceed promptly and with dispatch thereafter toward readying the case for trial, the condition of the statute for the court's retention of jurisdiction is met." *People* v. *Hendershot,* 357 Mich 300, 304.

Here, there was an apparent good faith action taken well within the period and the people proceeded promptly and with dispatch toward readying the case for trial, and thus the condition of the

statute for the court's retention of jurisdiction was met.

But, there is another and more important reason for denying appellant's claim. This 180-day statute is comparatively new and was intended to cover those situations where warrants for offenses committed prior to incarceration are held in abeyance pending the release of the inmate.

"In formulating the statutory language, the legislature sought to protect those who face multiple charges against undue delay in trial when they are jailed in State prison while untried charges are still pending. The statute seeks to secure to those serving sentences in a State prison the enjoyment of the rule of law which, in the absence of a statute otherwise providing, prohibits imposition of a sentence to commence upon completion or expiration of another sentence." *People* v. *Williams* (1968), 9 Mich App 676, 682, citing *In re Carey* (1964), 372 Mich 378.

The purpose of the statute is clear. It was intended to give the inmate, who had pending offenses not yet tried, an opportunity to have the sentences run concurrently consistent with the principle of law disfavoring accumulations of sentences. This purpose, however, does not apply in the instance of a *new* offense committed *after* imprisonment, nor where the statute, as in the case of an escape or attempted escape, sets up a mandatory consecutive sentence. The legislature was not concerning itself with the need for dispatch in the handling of a charge brought against an inmate for offenses committed *while* in prison.

At the time of sentencing in the instant case, the defendant was not even eligible for parole on his original sentence from Genesee county. The statute under which he was sentenced made it mandatory that his sentence for the attempted escape be consec-

utive.  Thus, his sentence for attempted escape will commence at some time in the future.  The defendant was in no way prejudiced by any delay.

For the foregoing reasons, it is the opinion of this Court that the 180-day statute does not and was not intended to apply to offenses committed while in prison and for which offenses mandatory consecutive sentences are provided.

As to the remaining issue, the entire file on appeal and the briefs have been reviewed and there is no basis for the appellant's claim that the trial court abused its discretion in granting the *nolle prosequi* after defense counsel objected to an amendment to the complaint, warrant and information.

The conviction and judgment entered thereon is accordingly affirmed.

QUINN and BURNS, JJ., concurred.