PEOPLE v EWING

Docket No. 46140. Submitted June 6, 1980, at Lansing.—Decided October 23, 1980.

Defendant, Robert B. Ewing, Jr., while he was a prison inmate, was arrested on a charge of assaulting a prison employee. Defendant pled guilty to that charge in Jackson Circuit Court and was sentenced to 1-1/2 to 4 years imprisonment, Gordon W. Britten, J. Defendant appeals, contending that the 373-day delay between the date of his arrest and the trial date violated his constitutional right to a speedy trial or, in the alternative, violated the 180-day rule which requires that an inmate who has pending untried charges against him must be brought to trial on those charges within 180 days after the Department of Corrections notifies the appropriate prosecuting attorney of the place of imprisonment of the inmate and makes a request for final disposition on the charges. *Held:*

1. Consideration of the defendant's constitutional claim requires a balancing of four factors: (a) length of delay; (b) reason for delay; (c) whether the defendant asserted his right to a speedy trial; and (d) prejudice to the defendant caused by the delay. The delay appears to have been caused by court congestion and was strictly the result of docket scheduling problems. While delay of this nature is attributable to the prosecution, it has a neutral tint and should be given only minimal weight in determining whether the defendant's speedy trial right has been violated. Further, defendant never asserted his right to a speedy trial and, while such failure does not automatically constitute a waiver of right, it is strong evidentiary

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 241 *et seq.*
[2] 21 Am Jur 2d, Criminal Law § 243.
[3] 21 Am Jur 2d, Criminal Law § 251.
[4] 21 Am Jur 2d, Criminal Law §§ 253, 254.
   Waiver or loss of accused's right to speedy trial. 57 ALR2d 302.
[5] 21 Am Jur 2d, Criminal Law § 242.
[6, 9] 21 Am Jur 2d, Criminal Law §§ 249, 254.
[7] 21 Am Jur 2d, Criminal Law §§ 243, 246.
[8] 73 Am Jur 2d, Statutes §§ 145, 146, 194.

support for the conclusion that the defendant's right was not violated. Defendant's claims of prejudice suffered as a result of the delay are unsubstantial. The defendant was not denied his constitutional right to a speedy trial.

2. The 180-day rule does not apply to new offenses committed by a prison inmate after he has been incarcerated.

Affirmed.

1. Constitutional Law — Criminal Law — Speedy Trial — Appeal.

The consideration of a claim of denial of the constitutional right to a speedy trial requires a balancing of four factors: (1) length of the delay; (2) reason for the delay; (3) whether the defendant asserted his right to a speedy trial; and (4) prejudice to the defendant caused by the delay.

2. Constitutional Law — Criminal Law — Speedy Trial — Presumption of Prejudice.

No special formula exists to determine whether a delay in bringing a defendant to trial is unconstitutionally long; it has been held that a delay in excess of 18 months results in a presumption of prejudice and that a delay of less than six months is insufficient to trigger further investigation.

3. Constitutional Law — Criminal Law — Speedy Trial — Court Congestion.

Delay in bringing an accused to trial due to court congestion, although attributable to the prosecution, has a neutral tint and should be given only minimal weight in determining whether a defendant's speedy trial right has been violated.

4. Constitutional Law — Criminal Law — Speedy Trial — Waiver.

Failure by a defendant to assert his constitutional right to a speedy trial does not automatically constitute a waiver of the right, but it is strong evidentiary support for the conclusion that the defendant's right was not violated.

5. Criminal Law — Trial — Prejudice.

Of the two types of prejudice a defendant in a criminal case may suffer as a result of a delay in being brought to trial, prejudice to his person and prejudice to his defense, impairment of defense is clearly the more serious.

6. Criminal Law — Speedy Trial — 180-Day Rule — Prison Inmates — Statutes.

The purpose of the 180-day rule is to give an inmate who has

pending offenses not yet tried an opportunity to have the sentences run concurrently consistent with the principle of law disfavoring accumulations of sentences; this purpose does not apply in the instance of a new offense committed after imprisonment, nor where the statute sets up a mandatory consecutive sentence (MCL 780.131; MSA 28.969[1]).

7. CRIMINAL LAW — PRISON INMATES — 180-DAY RULE — STATUTES.

The 180-day limitation on bringing an inmate to trial on pending untried charges commences upon delivery of notice to the appropriate prosecuting attorney's office of the defendant's place of imprisonment and a request for a final disposition on the charges by the Department of Corrections (MCL 780.131; MSA 28.969[1]).

8. STATUTES — STATUTORY CONSTRUCTION — LEGISLATIVE INTENT.

Where the language of a statute is clear and unambiguous, any inquiry into legislative intent is unnecessary and the statute will be applied as written.

9. CONSTITUTIONAL LAW — CRIMINAL LAW — SPEEDY TRIAL — 180-DAY RULE — PRISON INMATES — STATUTES.

The 180-day rule assures inmates imprisoned on an earlier offense while other charges are pending against them that the right to a speedy trial, which all citizens are constitutionally entitled to, is equally applicable to them by discouraging the state from "holding back" or "forgetting" or otherwise losing them in the system (MCL 780.131; MSA 28.969[1]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Edward J. Grant,* Prosecuting Attorney, and *John L. Wildeboer,* Chief Appellate Attorney, for the people.

*Myron E. Sanderson,* for defendant on appeal.

Before: DANHOF, C.J., and M. J. KELLY and G. R. CORSIGLIA,* JJ.

M. J. KELLY, J. Defendant pled guilty to the charge of assaulting a prison employee in violation

* Circuit judge, sitting on the Court of Appeals by assignment.

of MCL 750.197c; MSA 28.394(3). Defendant was sentenced to a term of 1-1/2 to 4 years imprisonment and brings this appeal as of right.

On the day of the assault, defendant was assigned to Camp Waterloo and was enrolled in a work-pass program washing dishes in an Ann Arbor hotel. At the end of his work shift, defendant drank "a few beers" before being returned to the camp. When returned to the camp, defendant was told by a second inmate that prison officers wanted to see the defendant at the camp's main office. At the office, the complainant prison guard attempted a shakedown of defendant under a suspicion that the defendant had been drinking. Defendant refused the shakedown and tried to leave the office. As the complainant pursued defendant to return him to the office, defendant picked up a shovel and struck complainant on the side of the head. Pursuant to an agreement between the prosecutor and defendant, defendant pled guilty but was not charged as a second offender.

We reject as frivolous each of defendant's seven claims of error with regard to the guilty plea proceedings since our review of the record discloses full compliance with GCR 1963, 785.7.

The issue which merits extended treatment is defendant's claim that the unreasonable 373-day delay between the date of arrest and trial date violated his constitutional right to a speedy trial or, alternatively, violated the 180-day rule if that rule is applicable. Const 1963, art 1, § 20, MCL 768.1, 780.131; MSA 28.1024, 28.969(1).

I

Consideration of defendant's constitutional claim requires a balancing of four factors: (1) length of

delay; (2) reason for delay; (3) whether defendant asserted his right to a speedy trial; and (4) prejudice to defendant caused by the delay. With respect to the first criterion, length of delay, no special formula exists; it has been held that a delay in excess of 18 months results in a presumption of prejudice, *People v Bennett,* 84 Mich App 408; 269 NW2d 618 (1978), and that less than six months is insufficient to trigger further investigation. The delay of approximately 12 months here necessitates further examination into the merits of defendant's claim.

The delay appears, from our review of relevant dates included in defendant's brief, to have been caused by court congestion. All pretrial proceedings were held at an orderly pace and were completed approximately four months after defendant's arraignment, which leads us to conclude, as the people submit, that delay was strictly the result of docket scheduling problems. While delay of this nature is attributable to the prosecution, it has a neutral tint and should be given only minimal weight in determining whether defendant's speedy trial right has been violated. *People v Forrest,* 72 Mich App 266; 249 NW2d 384 (1976), *Barker v Wingo,* 407 US 514; 92 S Ct 2182; 33 L Ed 2d 101 (1972).

Further, defendant concedes that he never asserted his right to a speedy trial. While such failure does not automatically constitute a waiver of the right, it is strong evidentiary support for the conclusion that defendant's right was not violated. *People v Hammond,* 84 Mich App 60; 269 NW2d 488 (1978), *United States v Mulligan,* 520 F2d 1327 (CA 6, 1975), *cert den* 424 US 919; 96 S Ct 1123; 47 L Ed 2d 325 (1975).

Finally, as to defendant's claim of prejudice, we

conclude that in this particular case it is a factor of minimal import. The impairment to his defense, he alleges, was his inability to personally contact witnesses due to his incarceration and that his attorney could not perform this task as defendant knew the individuals by sight but not by names. Defendant also claims personal prejudice in the form of loss of privileges in that he was confined to a normal cell block following the assault, whereas he was formerly a member of a work crew and enjoyed more freedom of movement. We find these complaints unsubstantial.

With respect to the two categories of prejudice a defendant may suffer as a result of delay, impairment of defense is clearly the most serious. *People v Chism,* 390 Mich 104; 211 NW2d 193 (1973). We simply do not accept defendant's argument that counsel could not obtain a list of names of other members on the work crew or other potential witnesses and contact them for interview. This was, after all, not a crime of great complexity and defendant's allegations of prejudice are purely speculative. They were not raised in the circuit court and this fact goes hand and glove with the lack of demand for a speedy trial. We think this same reasoning applies to defendant's claim of loss of personal privileges within the Department of Corrections. See *People v Noble,* 18 Mich App 300; 170 NW2d 916 (1969). We conclude that defendant was not denied the constitutional right to a speedy trial.

## II

Since the original briefs in this case were filed, a recent decision of this Court has held that the 180-

day rule specifically applies to offenses committed during incarceration. We think the panel which decided that case erred and we now examine whether the 180-day rule, a violation of which may result in dismissal of the charges against the defendant, is applicable under the present facts. MCL 780.131; MSA 28.969(1), provides:

"Whenever the department of corrections shall receive notice that there is pending in this state any untried warrant, indictment, information or complaint setting forth against any inmate of a penal institution of this state a criminal offense for which a prison sentence might be imposed upon conviction, such inmate shall be brought to trial within 180 days after the department of corrections shall cause to be delivered to the prosecuting attorney of the county in which such warrant, indictment, information or complaint is pending written notice of the place of imprisonment of such inmate and a request for final disposition of such warrant, indictment, information or complaint. The request shall be accompanied by a statement setting forth the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner and any decisions of the parole board relating to the prisoner. The written notice and statement provided herein shall be delivered by certified mail."

It is defendant's position that the 180-day rule applies to offenses committed by a prison inmate even when any sentences for such offenses would be mandatorily consecutive. MCL 768.7a; MSA 28.1030(1). Defendant relies on a recent decision of this Court, *People v Moore*, 96 Mich App 754; 293 NW2d 700 (1980). After a careful review of the *Moore* opinion and *People v Loney*, 12 Mich App

288; 162 NW2d 832 (1968),[1] we are convinced that *Loney* represents the better view. The *Moore* Court, in attempting to discredit the well-established rule of *Loney,* held that, absent any ambiguity in the language of the statute, its "plain meaning" must be given effect and therefore the rule applies equally to inmates who commit offenses prior to or during incarceration. We agree with the *Loney* Court's interpretation of the statute and perception of legislative intent that the 180-day rule:

"[W]as intended to give the inmate, who had pending offenses not yet tried, an opportunity to have the sentences run concurrently consistent with the principle of law disfavoring accumulations of sentences. This purpose, however, does not apply in the instance of a *new* offense committed *after* imprisonment, nor where the statute, as in the case of an escape or attempted escape, sets up a mandatory consecutive sentence. The legislature was not concerning itself with the need for dispatch in the handling of a charge brought against an inmate for offenses committed *while* in prison." 12 Mich App 288, 292. (Emphasis in original.)

As the people's brief so aptly points out, the

[1] It is argued by the Jackson County Appellate Prosecutor that *People v Loney, supra,* has been followed many times in unpublished appellate opinions and is heavily relied upon by the bench and bar in that county. Whether the panel deciding *People v Moore, supra,* has weighted that intelligence or not, the State Court Administrator has furnished us with statistics for the three month period, March, April and May, 1980, of filings in Jackson Circuit Court which encompasses the county containing the State Prison of Southern Michigan at Jackson. These figures include:

|  | Sample | Annual Estimate |
|---|---|---|
| "Escapes (including attempts—usually from the Trustee Division, SPSM) | 9 | 32 *[sic]* |
| Escapes (from Correctional Camps) | 25 | 100 |
| Inmate Offenses (other than escape) | 11 | 44 |
| Visitor Offenses | 20 | 80 |
| TOTAL | 65 | 260" |

language of the statute clearly indicates that it was not intended to cover the instant factual situation. When applied to an inmate who commits an offense during the period of incarceration, the notice provisions of the statute are rendered superfluous. Section I directs the Department of Corrections, upon first receiving notice of a pending untried warrant or information, to notify the appropriate prosecuting attorney's office of defendant's place of imprisonment. The 180-day limitation is to commence running upon delivery of such notice.[2] When the defendant is charged with an offense committed after incarceration, the prosecutor is obviously aware of defendant's location when he authorizes issuance of the warrant and notice is unnecessary.

Where, as here, the language of a statute is clear and unambiguous, any inquiry into legislative intent is unnecessary and the statute will be applied as written. The *Loney* interpretation of MCL 780.131; MSA 28.969(1) reflects a reasonable legislative intent to preserve and encourage the practice of concurrent sentencing when appropriate. Acceptance of an across-the-board application to all inmates regardless of when the charged offense was committed, as promoted by the *Moore* decision, would lead to results not conceivably intended by the Legislature. All citizens are constitutionally entitled to a speedy trial. The 180-day rule assures inmates imprisoned on an earlier offense while other charges are pending that the right is equally applicable to them by discouraging the state from "holding back" or "forgetting" or otherwise losing them in the system. Inmates who

[2] According to *People v Wright,* 89 Mich App 244; 280 NW2d 836 (1979), the period is commenced when defendant is incarcerated and the Department of Corrections knows or should know of the oustanding warrant, indictment, or complaint.

commit crimes while imprisoned are not forgotten or lost. A warrant should promptly issue when the crime is discovered and venue established. As it is processed any constitutional speedy trial claim or defense (four factors listed above under Section I) would be available and tested by the applicable criteria. Such a situation should not trigger the imposition of the 180-day rule because any sentence imposed, being mandatorily consecutive, would *ipso facto* eliminate the element of personal prejudice due to additional time incarcerated as to the inmate. We therefore decline to follow the reasoning of *Moore, supra.*

Affirmed.