PEOPLE v KILGORE

Docket No. 47470. Submitted January 7, 1981, at Lansing.—Decided February 18, 1981.

Floyd Kilgore was charged with unlawfully carrying a dangerous weapon in an automobile. A jury trial was scheduled and was postponed three times, first because the original date was a motion day, next because the district court transcript had not been received and defense counsel was involved in another trial, and finally because the trial court was involved in another case on the date scheduled. The defendant was found guilty as charged eight months after his arrest, Genesee Circuit Court, Earl E. Borradaile, J. Defendant appeals, alleging that he was denied his right to a speedy trial. *Held:*

1. The delay was not long enough to raise a presumption of prejudice to the defendant but, being longer than six months, was long enough to require inquiry as to whether the defendant was in fact prejudiced by the delay.

2. The reasons for the delay, although attributable to the prosecution, were not of such a nature as to weigh heavily against the prosecution.

3. Defendant's failure to assert the right to a speedy trial weighs heavily against a finding of a violation of the right.

4. Defendant's reference to a witness whose name was unknown and whom the defense may or may not have called is insufficient to show prejudice to the defendant's case, and the defendant has not shown that he was prejudiced in his person by his incarceration prior to trial.

Affirmed.

1. CRIMINAL LAW — SPEEDY TRIAL.

Four factors are to be considered where reviewing a claim of a denial of a speedy trial: 1) the length of the delay; 2) the reason

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 241 *et seq.*
[2-5] 21 Am Jur 2d, Criminal Law § 251 *et seq.*
  Waiver or loss of accused's right to speedy trial. 57 ALR2d 302.
[4] 21 Am Jur 2d, Criminal Law § 254.

for the delay; 3) the defendant's assertion of the right; and 4) the prejudice to the defendant.

2. CRIMINAL LAW — SPEEDY TRIAL — PRESUMPTION OF PREJUDICE.

A delay in excess of 18 months in bringing a defendant to trial raises a presumption of prejudice; conversely, a delay of less than six months is not sufficient to trigger further investigation into the reasons for the delay or the effects of the delay.

3. CRIMINAL LAW — SPEEDY TRIAL — REASONS FOR DELAY IN TRIAL — DOCKET SCHEDULING.

Delay in bringing a defendant to trial which is caused by docket scheduling problems, while attributable to the prosecution, is of a neutral nature and should be given only minimal weight in determining whether the defendant has been denied a speedy trial.

4. CRIMINAL LAW — SPEEDY TRIAL — FAILURE TO ASSERT RIGHT.

Failure of a defendant to assert his right to a speedy trial is not an automatic waiver of the right but weighs heavily against a finding that the right to a speedy trial has been violated.

5. CRIMINAL LAW — SPEEDY TRIAL — PREJUDICE TO DEFENSE.

Two types of prejudice result from a delay in bringing a defendant to trial, the first to the defendant's person due to anxiety and concern resulting from his incarceration, the second to the defense of the case; of these, the prejudice to the defense is the more serious.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Edwin R. Brown,* Assistant Prosecuting Attorney, for the people.

*Michael A. Mason,* for defendant on appeal.

Before: D. E. HOLBROOK, JR., P.J., and M. F. CAVANAGH and MACKENZIE, JJ.

PER CURIAM. Defendant Floyd Kilgore was arrested and charged with unlawfully carrying a dangerous weapon in an automobile on September 7, 1978, in connection with his alleged possession

of a sawed-off shotgun. MCL 750.227; MSA 28.424. A jury trial was originally scheduled for January 3, 1979, but was postponed until January 5, 1979, because January 3, 1979, was a motion day. The January 5, 1979, date was then adjourned to February 2, 1979, because the district court transcript had not been received by the trial court and defense counsel was involved in another trial. The February 2, 1979, date was then adjourned to May 8, 1979, because the trial court was involved with another case on that date. On May 8, 1979, the jury found defendant guilty as charged. He was sentenced to 40 to 60 months in prison and now appeals as of right.

Defendant's sole argument on appeal is that he was denied his right to a speedy trial in violation of his constitutional right under the Sixth Amendment of the United States Constitution and art 1, § 20 of the Michigan Constitution.

The United States Supreme Court established the following test for determining whether a defendant's constitutional right to a speedy trial has been violated:

"A balancing test necessarily compels courts to approach speedy trial cases on an ad hoc basis. * * * Though some might express them in different ways, we identify four such factors: Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker v Wingo,* 407 US 514, 530; 92 S Ct 2182; 33 L Ed 2d 101 (1972).

This balancing test has been adopted by the Michigan Supreme Court. *People v Grimmett,* 388 Mich 590, 602; 202 NW2d 278 (1972), *People v Collins,* 388 Mich 680, 688; 202 NW2d 769 (1972), *People v Chism,* 390 Mich 104, 111; 211 NW2d 193 (1973), *People v Hall,* 391 Mich 175, 183; 215 NW2d 166

(1974), *People v Hill,* 402 Mich 272, 283; 262 NW2d 641 (1978).

In examining the first factor, length of delay, it has been held that a delay in excess of 18 months raises a presumption of prejudice to the defendant, *People v Bennett,* 84 Mich App 408; 269 NW2d 618 (1978), but that a delay of less than six months is not sufficient to trigger further investigation. *People v Collins, supra.* Because the delay in trial in the present case was slightly over eight months, we must inquire further as to whether there was prejudice to the defendant due to this delay.

The second factor, the reason for the delay, weighs in favor of the defendant. The first delay was due to the case being set on a motion day and therefore having to be rescheduled. The second delay was due to the parties not receiving the transcript from the district court and to defense counsel's unavailability, and the third delay was due to the trial court's being occupied with another case on the date for the scheduled trial. These delays were not the result of actions taken by the defendant, but even though attributable to the state, they are not of such a nature as to weigh heavily against the prosecution. This case is not unlike the delays experienced in *People v Ewing,* 101 Mich App 51; 301 NW2d 8 (1980), where this Court held that the defendant's right to a speedy trial was not violated by a delay which was strictly the result of docket scheduling problems.

"While delay of this nature is attributable to the prosecution, it has a neutral tint and should be given only minimal weight in determining whether defendant's speedy trial right has been violated. *People v Forrest,* 72 Mich Ap 266; 249 NW2d 384 (1976), *Barker*

*v Wingo,* 407 US 514; 92 S Ct 2182; 33 L Ed 2d 101 (1972)." *People v Ewing, supra,* 55.

The defendant in the instant case did not assert his right to a speedy trial. The failure to assert this right is not an automatic waiver of the right, but it weighs heavily against the finding that the right to a speedy trial has been violated. *People v Collins, supra.*

Finally, the defendant asserts that he was prejudiced by the delay before trial. There are two types of prejudice which result from a delay in going to trial, the first to the defendant's person due to the suffering of anxiety and concern which results from the defendant's incarceration, the second to the defense of the case. This Court in *People v Ewing, supra,* has determined that the prejudice to the defense is the more serious of the two types. This defendant argued that he experienced prejudice to his defense because the delay resulted in the unavailability of one of his witnesses. We do not believe that a single reference to a witness when the defense did not even have the witness's name and whom the defense "may have or may not have used as a witness" is insufficient to show prejudice to the defendant's presentation of his defense. The defendant did spend the entire period after his arrest until his trial in incarceration. Bond was set and furnished, but the defendant remained in jail during the period because a hold was put on his release for a parole violation. It is not clear from the record whether the incarceration for the parole violation stemmed from the charge in the instant case or from other activities.

Because the defendant failed to assert his right to a speedy trial, because of the dearth of evidence indicating prejudice to the defendant's defense or person, and because the reasons for the delay of

the trial attributable to the state are not of an intentional, bad faith, or chronic nature, we find that on balance the defendant was not denied his right to a speedy trial. Therefore, the conviction in the lower court is affirmed.

Affirmed.