PEOPLE v SUSALLA

Docket No. 48379. Submitted June 20, 1980, at Detroit.—Decided July 7, 1981. Leave to appeal applied for.

Eugene M. Susalla was convicted, on his plea of guilty, of embezzlement by an agent in Detroit Recorder's Court, Geraldine B. Ford, J. This crime was committed while Susalla had escaped from furlough status supervision for a previous embezzlement conviction. The defendant appeals, alleging that the passing of over 200 days from the time he was returned to custody following his arrest for this embezzlement charge and his trial violated the 180-day rule which requires that an inmate who has pending untried charges against him must be brought to trial on those charges within 180 days after the Department of Corrections notifies the appropriate prosecuting attorney of the place of imprisonment of the inmate and makes a request for final disposition on the charges. *Held:*

The 180-day rule does not apply since the rule should not apply to offenses committed while the inmate is in prison and for which offenses mandatory consecutive sentences are to be served.

Affirmed.

N. J. KAUFMAN, P.J., dissented. He would hold that the passing of over 200 days from the time of the defendant's return to custody until his trial violated the 180-day rule and deprived the trial court of jurisdiction. A defendant who commits a crime while in prison should be entitled to the protection of the 180-day rule since the statute is not ambiguous and the legislative intent is obvious. He would reverse the defendant's conviction.

OPINION OF THE COURT

1. CRIMINAL LAW — SENTENCING — INCARCERATED PERSONS — STATUTES.

The term of sentence imposed for a crime committed while a

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 4] 21 Am Jur 2d (Rev), Criminal Law § 554.
[2, 4] 21 Am Jur 2d (Rev), Criminal Law §§ 552, 852.
[3] 73 Am Jur 2d, Statutes §§ 195, 196.

person is incarcerated or during escape or an attempt to escape, where that person is incarcerated in a penal institution, shall commence at the expiration of the sentence which the person is serving (MCL 768.7a[1]; MSA 28.1030[1][1]).

2. CRIMINAL LAW — 180-DAY RULE — MANDATORY CONSECUTIVE SENTENCES — STATUTES.

The statute which requires that an inmate who has pending untried charges against him must be brought to trial on those charges within 180 days after the Department of Corrections notifies the appropriate prosecuting attorney of the place of imprisonment of the inmate and makes a request for final disposition on the charges is not applicable to offenses committed while the inmate is in prison and for which mandatory consecutive sentences are to be served (MCL 780.131; MSA 28.969[1]).

DISSENT BY N. J. KAUFMAN, P.J.

3. STATUTES — LEGISLATIVE INTENT.

*The primary purpose of the judiciary when interpreting statutes is to ascertain and give effect to legislative intent, however, a statute must admit of some ambiguity before the courts of this state will be required to examine the legislative intent behind it in an attempt to ascertain its meaning and where the language of a statute is unambiguous, the legislative intent is obvious and must be determined accordingly.*

4. CRIMINAL LAW — 180-DAY RULE — INCARCERATED PERSONS.

*A defendant who commits a crime while in prison should be entitled to the protection of the 180-day rule which requires that an inmate who has pending untried charges against him must be brought to trial on those charges within 180 days after the Department of Corrections notifies the appropriate prosecuting attorney of the place of imprisonment of the inmate and makes a request for final disposition on the charges (MCL 780.131; MSA 28.969[1]).*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *A. George Best, II,* Assistant Prosecuting Attorney, for the people.

*Edwards & Edwards,* for defendant on appeal.

Before: N. J. KAUFMAN, P.J., and CYNAR and
J. E. TOWNSEND,* JJ.

PER CURIAM. Defendant pled guilty to embezzle-
ment by an agent, in violation of MCL 750.174;
MSA 28.371. This crime was committed during a
period when defendant had escaped from furlough
status[1] for a previous embezzlement conviction.
For this second crime, defendant was sentenced in
Detroit Recorder's Court for imprisonment for a
term of from 6 to 10 years. Defendant appeals this
conviction as of right.

The single issue raised by defendant's appeal is
a violation of the 180-day rule of MCL 780.131;
MSA 28.969(1).[2] Defendant's claim is that the pas-
sage of over 200 days from his return to custody to
his trial violated the 180-day rule and prevented
the court from exercising jurisdiction, according to
MCL 780.133; MSA 28.969(3).[3]

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] While on furlough status, defendant resided in a "halfway house"
and was subject to rules and regulations of the Department of
Corrections. During this time, defendant was still considered a pris-
oner. See *People v Mayes*, 95 Mich App 188; 290 NW2d 119 (1980).
See also *People v Smith (On Rehearing)*, 89 Mich App 478; 280 NW2d
862 (1979).

[2] MCL 780.131; MSA 28.969(1) provides:

"Whenever the department of corrections shall receive notice that
there is pending in this state any untried warrant, indictment,
information or complaint setting forth against any inmate of a penal
institution of this state a criminal offense for which a prison sentence
might be imposed upon conviction, such inmate shall be brought to
trial within 180 days after the department of corrections shall cause
to be delivered to the prosecuting attorney of the county in which
such warrant, indictment, information or complaint is pending writ-
ten notice of the place of imprisonment of such inmate and a request
for final disposition of such warrant, indictment, information or
complaint. The request shall be accompanied by a statement setting
forth the term of commitment under which the prisoner is being held,
the time already served, the time remaining to be served on the
sentence, the amount of good time earned, the time of the parole
eligibility of the prisoner and any decisions of the parole board
relating to the prisoner. The written notice and statement provided
herein shall be delivered by certified mail."

[3] MCL 780.133; MSA 28.969(3) provides:

While *People v Moore,* 96 Mich App 754; 293 NW2d 700 (1980), held that the 180-day rule specifically applies to offenses committed during incarceration, we are convinced that *People v Loney,* 12 Mich App 288; 162 NW2d 832 (1968), and *People v Ewing,* 101 Mich App 51; 301 NW2d 8 (1980), represent the better view.

Where a person incarcerated in a penal institution is convicted and sentenced for committing a crime while incarcerated or during escape or an attempt to escape, the term of sentence imposed for a crime so committed shall commence at the expiration of the sentence which the person is serving. MCL 768.7a(1); MSA 28.1030(1)(1).[4]

*People v Loney, supra,* expressed the opinion that the 180-day statute did not apply to the offenses committed while in prison, for which offenses mandatory consecutive sentences are to be served, reasoning:

" 'In formulating the statutory language, the legislature sought to protect those who face multiple charges against undue delay in trial when they are jailed in State prison while untried charges are still pending. The statute seeks to secure to those serving sentences in a State prison the enjoyment of the rule of law

"In the event that, within the time limitation set forth in section 1 of this act, action is not commenced on the matter for which request for disposition was made, no court of this state shall any longer have jurisdiction thereof, nor shall the untried warrant, indictment, information or complaint be of any further force or effect, and the court shall enter an order dismissing the same with prejudice."

[4] MCL 768.7a(1); MSA 28.1030(1)(1) provides:

"A person who is incarcerated in a penal or reformatory institution in this state, or who escapes from that institution, and who commits a crime during that incarceration or escape which is punishable by imprisonment in a penal or reformatory institution in this state shall, upon conviction thereof, be subject to sentence therefor in the manner provided by law for such crimes. The term of sentence imposed for the crime shall commence at the expiration of the term or terms of sentence which the person is serving or has become liable to serve in a penal or reformatory institution in this state."

which in the absence of a statute otherwise providing, prohibits imposition of a sentence to commence upon completion or expiration of another sentence.' *People v Williams,* 9 Mich App 676, 682 (1968), citing *In re Carey,* 372 Mich 378 (1964).

"The purpose of the statute is clear. It was intended to give the inmate, who had pending offenses not yet tried, an opportunity to have the sentences run concurrently consistent with the principle of law disfavoring accumulations of sentences. This purpose, however, does not apply in the instance of a *new* offense committed *after* imprisonment, nor where the statute, as in the case of an escape or attempted escape, sets up a mandatory consecutive sentence. The legislature was not concerning itself with the need for dispatch in the handling of a charge brought against an inmate for offenses committed *while* in prison.

\* \* \*

"For the foregoing reasons, it is the opinion of this Court that the 180-day statute does not and was not intended to apply to offenses committed while in prison and for which offenses mandatory consecutive sentences are provided." *People v Loney, supra,* 292-293.

The case of *People v Hill,* 402 Mich 272; 262 NW2d 641 (1978), is distinguishable because there the charges arose out of incidents which occurred prior to the defendant's incarceration.

Furthermore, even if we were to assume for purposes of argument that *People v Moore, supra,* should be followed, we would not dismiss but would remand for an evidentiary hearing concerning the reason for the delay.

Affirmed.

N. J. KAUFMAN, P.J. *(dissenting).* I respectfully dissent. I would hold that the passage of over 200 days from the time of defendant's return to custody until his trial violated the 180-day rule and

deprived the trial court of jurisdiction. MCL 780.131, 780.133; MSA 28.969(1), 28.969(3).

The prosecution does not really dispute defendant's chronology of the instant case. The people contend, however, and the majority agrees, that the 180-day rule is inapplicable to the present factual situation. They rely on *People v Loney,* 12 Mich App 288; 162 NW2d 832 (1968), for the proposition that the rule was not intended to apply to cases where consecutive sentences are mandatory. See also *People v Ewing,* 101 Mich App 51; 301 NW2d 8 (1980).

I believe that the authoritative interpretation of the 180-day rule is in *People v Hill,* 402 Mich 272; 262 NW2d 641 (1978). Neither *Hill* nor the statute makes an exception for cases in which consecutive sentences are prescribed.

Moreover, I find *People v Moore,* 96 Mich App 754; 293 NW2d 700 (1980), to be the better interpretation of the applicability of the 180-day rule. In *Moore,* this Court stated that the primary purpose of the judiciary when interpreting statutes is to ascertain and give effect to legislative intent. However, a statute must admit of some ambiguity before the courts of this state will be required to examine the legislative intent behind it in an attempt to ascertain its meaning. Thus, where the language of a statute is unambiguous, the legislative intent is obvious and must be determined accordingly. The Court then held, and I find this holding most persuasive as to the instant case, that it found no ambiguity in the 180-day rule that would permit an exception to application of its plain language. Therefore, even if it were reasonable and otherwise valid to distinguish between inmates who commit crimes prior to incarceration and those who commit them subsequently, this

distinction is one which the Legislature and not the judiciary should make. The Court then held that a defendant who commits a crime while in prison is entitled to the protection of the 180-day rule. *Id.,* 760-762. I agree. If the Legislature does not intend a broad application of the statute or if it wishes to make exceptions to its application, it must so state before this Court will override the plain language of the statute.

The facts of the present case fit squarely within this decision and, I believe, squarely within the 180-day rule. While defendant was an inmate of the Department of Corrections, there was unexplained and inexcusable inaction as to his pending embezzlement charge from September 11, 1978, to April 23, 1979, a period of 224 days. There is no claim or showing that the defendant contributed to this delay. The people did not show unavoidable circumstances which make trying this case within the statutory period impossible. This Court in *People v Forrest,* 72 Mich App 266, 273; 249 NW2d 384 (1976), stated:

"We hold that, if the defendant has not contributed to the delay, a period of otherwise unexplained inaction in excess of 180 days in the prosecution of a charge pending against an inmate is per se a violation of the statute, unless the people make an affirmative showing of exceptional and unavoidable circumstances which hamper the normally efficient functioning of the trial courts."

I would also find a violation of the 180-day rule in defendant's case and reverse his conviction.