PEOPLE v HALL

Docket No. 54438. Submitted June 5, 1981, at Lansing.—Decided October 7, 1981. Leave to appeal applied for.

Robert L. Hall was convicted, on his plea of guilty, of possession of heroin in the Jackson Circuit Court, Russell E. Noble, J. The offense occurred while defendant was imprisoned for another offense. Defendant appealed, alleging that violation of the 180-day rule of the statute which controls the time for commencing a criminal prosecution against a person serving a prison sentence deprived the court of jurisdiction over the charge. Held:

The purpose of the 180-day rule is to give an inmate who has pending offenses not yet tried an opportunity to have the sentences run concurrently consistent with the principle of law disfavoring accumulations of sentences. The statute does not apply in the instance of a new offense committed after imprisonment, nor where the statute sets up a mandatory consecutive sentence.

Affirmed.

BEASLEY, P.J., dissented. He would hold that the 180-day rule is an effort by the Legislature to secure to state prison inmates their constitutional right to a speedy trial and applies to offenses committed after imprisonment. He would reverse.

OPINION OF THE COURT

1. CRIMINAL LAW — SPEEDY TRIAL — 180-DAY RULE — PRISON INMATES.

The purpose of the 180-day rule is to give an inmate who has pending offenses not yet tried an opportunity to have the sentences run concurrently consistent with the principle of law disfavoring accumulations of sentences; the statute does not apply in the instance of a new offense committed after imprisonment, nor where the statute sets up a mandatory consecutive sentence (MCL 780.131 et seq.; MSA 28.969[1] et seq.).

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 21A Am Jur 2d, Criminal Law §§ 851, 852, 857.

2. CRIMINAL LAW — SPEEDY TRIAL — PRISON INMATES — 180-DAY
    RULE.
    *The 180-day rule of the statute which controls the time for
    commencing a criminal prosecution against a person serving a
    prison sentence is an effort by the Legislature to secure to state
    prison inmates their constitutional right to a speedy trial and
    applies to offenses committed after imprisonment (US Const,
    Am VI; Const 1963, art 1, § 20; MCL 780.131 et seq.; MSA
    28.969[1] et seq.).*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Edward J. Grant,* Prosecuting Attorney, and *John L. Wildeboer,* Chief Appellate Attorney, for the people.

*Sheila N. Robertson,* Assistant State Appellate Defender, for defendant on appeal.

Before: BEASLEY, P.J., and M. J. KELLY and N. A. BAGULEY,* JJ.

M. J. KELLY, J. Defendant, Robert L. Hall, appeals his plea-based conviction for possession of heroin, MCL 333.7403(1), (2)(a)(iv); MSA 14.15(7403)(1), (2)(a)(iv). Hall, who was imprisoned on another offense, was sentenced to a consecutive term of imprisonment of from two to four years.

On February 25, 1979, while Hall was incarcerated in the State Prison of Southern Michigan, he was approached by a guard for a shakedown. Hall initially refused but later went with the guard to the yard shack where he underwent the search. The guard found heroin in Hall's jacket pocket.

On May 30, 1979, Hall stood mute at his arraignment on charges of possession of heroin and a plea of not guilty was entered by the court. On July 6, 1979, the prosecutor gave notice of filing a fourth felony offender charge, MCL 769.12; MSA 28.1084. A plea of not guilty was entered for

* Circuit judge, sitting on the Court of Appeals by assignment.

defendant when he stood mute at his July 17, 1979, arraignment on the fourth felony offender charge.

On July 9, 1980, defendant pled guilty to the possession of heroin charge and the prosecutor dismissed the fourth felony offender charge. Prior to sentencing, Hall moved to withdraw his guilty plea of all charges against him claiming the prosecutor had failed to comply with the 180-day rule, MCL 780.131; MSA 28.969(1). During the sentencing proceedings, the court denied defendant's motion and sentenced him. Defendant appeals claiming the prosecutor's failure to comply with the 180-day rule requires reversal of his guilty plea.

The 180-day rule is stated in MCL 780.131; MSA 28.969(1):

"Whenever the department of corrections shall receive notice that there is pending in this state any untried warrant, indictment, information or complaint setting forth against any inmate of a penal institution of this state a criminal offense for which a prison sentence might be imposed upon conviction, such inmate shall be brought to trial within 180 days after the department of corrections shall cause to be delivered to the prosecuting attorney of the county in which such warrant, indictment, information or complaint is pending written notice of the place of imprisonment of such inmate and a request for final disposition of such warrant, indictment, information or complaint. The request shall be accompanied by a statement setting forth the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner and any decisions of the parole board relating to the prisoner. The written notice and statement provided herein shall be delivered by certified mail."

Failure to comply with this rule divests the circuit court of jurisdiction. MCL 780.133; MSA 29.969(3).

Currently, there is a split of authority in this Court concerning whether the 180-day rule applies to persons who commit offenses during their incarceration. In *People v Loney,* 12 Mich App 288, 293; 162 NW2d 832 (1968), this Court found that the 180-day rule did not apply to offenses committed while in prison. Finding MCL 780.131; MSA 28.969(1) ambiguous, the Court wrote:

"The purpose of the statute is clear. It was intended to give the inmate, who had pending offenses not yet tried, an opportunity to have the sentences run concurrently consistent with the principle of law disfavoring accumulations of sentences. This purpose, however, does not apply in the instance of a *new* offense committed *after* imprisonment, nor where the statute, as in the case of an escape or attempted escape, sets up a mandatory consecutive sentence. The legislature was not concerning itself with the need for dispatch in the handling of a charge brought against an inmate for offenses committed *while* in prison." 12 Mich App 288, 292. (Emphasis in original.)

The rule announced in *Loney* was apparently followed until a panel of this Court decided *People v Moore,* 96 Mich App 754; 293 NW2d 700 (1980). In *Moore,* the Court found that the statute was unambiguous and applied to prison inmates who committed a crime during their incarceration. *Id.,* 761. Citing *People v Hill,* 402 Mich 272, 280; 262 NW2d 641 (1978), the Court stated that the purpose of the 180-day rule was to "secure to state prison inmates their constitutional right to a speedy trial". *Moore, supra,* 761. Because the defendant's right to a speedy trial did not depend upon whether the charged offense was committed prior to or during incarceration for another crime,

the Court rejected the rule announced in *Loney.*
*Id.,* 761-762.

This split in authority was addressed in *People v
Ewing,* 101 Mich App 51; 301 NW2d 8 (1980).
Examining the statute, the *Ewing* panel found
that the notice provision of the statute, which
required the Department of Corrections to notify
the prosecutor of defendant's place of imprison-
ment, would be meaningless if the 180-day rule
was meant to apply to crimes committed by prison-
ers while incarcerated. *Id.,* 59. This notice require-
ment would be superfluous where an offense was
committed after incarceration because the prose-
cutor would be aware of defendant's location when
the warrant was issued. *Id.,* 59. Therefore, the
Court found the reasoning used in *Loney, supra,* to
be more persuasive. *Id.,* 58.

After examining the statute, we find the reason-
ing used in *Loney, supra,* and *Ewing, supra,* to be
more persuasive. If we were to accept the reason-
ing used in *Moore, supra,* the notice provision
contained in the statute would be meaningless.
Moreover, the *Loney* interpretation of the 180-day
rule accurately reflects a reasonable legislative
intent to preserve and encourage the practice of
concurrent sentencing when appropriate. Because
Hall committed the offense of possession of heroin
while he was incarcerated, the 180-day rule does
not apply and his conviction is affirmed.

Affirmed.

N. J. BAGULEY, J., concurred.

BEASLEY, J. *(dissenting).* I respectfully dissent.

As the majority indicates, the 180-day rule was
violated. No showing was made which would jus-

tify the delay. In accordance with *People v Moore*,[1] I would reverse defendant's conviction and dismiss the charge. The question is one of statutory interpretation. I am not inclined to believe the statute was intended to except offenses committed by inmates from the benefits of the 180-day rule.

---

[1] 96 Mich App 754; 293 NW2d 700 (1980). Also see *People v Pitsaroff*, 102 Mich App 226; 301 NW2d 858 (1980).