PEOPLE v WILLIAMS

Docket No. 81210. Submitted April 9, 1985, at Detroit.—Decided
    August 9, 1985.
    Robert Williams pled guilty in the Recorder's Court of Detroit to
    charges of second-degree murder and felony-firearm and was
    sentenced, Edward M. Thomas, J. Defendant appealed. *Held:*
        1. Defendant's argument that resentencing is required be-
    cause the trial court failed to articulate on the record its
    reasons for imposing the sentence recommended by the prose-
    cutor is without merit. The record is sufficient to afford appel-
    late review, and there is no evidence that defendant was
    prejudiced by the imposition of the sentence recommended by
    the prosecutor.
        2. Defendant was not denied his right to a speedy trial.
    Affirmed.
        R. M. MAHER, J., concurred in the result only.

1. CRIMINAL LAW — APPEAL — SENTENCES.
    Trial courts, in order to aid the review of sentences, must articu-
    late on the record at the time of sentencing in a criminal case
    the reasons for imposing the sentence.

2. CRIMINAL LAW — CONSTITUTIONAL LAW — SPEEDY TRIAL.
    The four factors to be considered in evaluating a claim of depriva-

REFERENCES FOR POINTS IN HEADNOTES
[1] Am Jur 2d, Criminal Law §§ 525 *et seq.*
    See the annotations in the ALR3d/4th Quick Index under Sentence
    and Punishment.
[2] Am Jur 2d, Criminal Law §§ 849 *et seq.*
    See the annotations in the ALR3d/4th Quick Index under Speedy
    Trial.
[3, 4] Am Jur 2d, Criminal Law §§ 872, 873.
    See the annotations in the ALR3d/4th Quick Index under Speedy
    Trial.
[5] Am Jur 2d, Criminal Law §§ 859 *et seq.*
    See the annotations in the ALR3d/4th Quick Index under Speedy
    Trial.
[6] Am Jur 2d, Criminal Law §§ 865-867.
    See the annotations in the ALR3d/4th Quick Index under Speedy
    Trial.

tion of the right to a speedy trial are: (1) length of delay; (2) reason for delay; (3) whether the defendant asserted his right to a speedy trial at the trial court level; and (4) prejudice to the defendant.

3. CRIMINAL LAW — SPEEDY TRIAL — PRESUMPTION OF PREJUDICE.
    Prejudice is presumed where there is a delay of over 18 months between a defendant's arrest and his trial.

4. CRIMINAL LAW — SPEEDY TRIAL — PRESUMPTION OF PREJUDICE.
    A delay of less than six months between a defendant's arrest and his trial is not sufficient to trigger further investigation into the reasons for the delay or the effects of the delay.

5. CRIMINAL LAW — SPEEDY TRIAL — REASONS FOR DELAY.
    Delay in bringing a defendant to trial which is caused by docket scheduling problems, while attributable to the prosecution, is of a neutral nature and should be given only minimal weight in determining whether the defendant has been denied a speedy trial.

6. CRIMINAL LAW — SPEEDY TRIAL.
    Failure of a defendant to assert his right to a speedy trial is not an automatic waiver of the right but weighs heavily against a finding that the right to a speedy trial has been violated.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Rosemary A. Gordon,* Assistant Prosecuting Attorney, for the people.

*Rose Mary C. Robinson,* for defendant on appeal.

Before: HOOD, P. J., and V. J. BRENNAN and R. M. MAHER, JJ.

PER CURIAM. Defendant was convicted upon his plea of guilty of murder in the second degree, MCL 750.317; MSA 28.549, and felony-firearm, MCL 750.227b; MSA 28.424(2). Pursuant to a sentencing agreement, he was sentenced to from 7-1/2 to 15 years' imprisonment on the murder charge, plus 2

years' imprisonment on the felony-firearm charge. One count of murder in the first-degree and a second count of assault with intent to murder were dismissed in exchange for defendant's plea. Defendant appeals as of right.

Defendant first argues that resentencing is required because the trial court failed to articulate on the record its reasons for imposing the sentence recommended by the prosecutor. We find this argument to be without merit.

In *People v Coles*, 417 Mich 523, 549; 339 NW2d 440 (1983), the Supreme Court held that, in order to facilitate appellate review of the sentencing process, the trial court must articulate on the record its reasons for imposing the sentence given. In the case at bar, we find the record sufficient to afford appellate review.

Initially we note that defendant received a substantial bargain in exchange for his guilty pleas. As originally charged, defendant faced mandatory life imprisonment under the murder count, MCL 750.316; MSA 28.548, and a possible life sentence under the count of assault with intent to murder, MCl 750.83; MSA 28.278. Pursuant to the plea bargain arranged by defendant's retained counsel, defendant received a term of imprisonment of from 7-1/2 to 15 years for second-degree murder, plus the mandatory 2-year term of imprisonment for felony-firearm.

The record reveals that the trial court reviewed the presentence report and indicated that based upon the information in the presentence report he would impose the sentence recommended by the prosecutor. We find no evidence of prejudice to the defendant. Therefore, we find a remand for resentencing under *Coles* unnecessary.

Defendant notes that the record is silent on the utilization of the sentencing guidelines, the use of

which has been made mandatory by Michigan Supreme Court Administrative Order No. 1984-1, 418 Mich lxxx (1984). Defendant does not set this forth as ground for reversal, however, and understandably so: the sentence imposed is considerably *less* than the recommended guideline minimum and defendant can hardly claim prejudice.

No remand for resentencing is warranted under the circumstances in this case. See *People v Good,* 141 Mich App 351; 367 NW2d 863 (1985).

Defendant next argues that he was denied his constitutional right to a speedy trial because 13 months elapsed between the time of his arrest and his conviction.

Currently, there is a split in this Court concerning whether a plea of guilty waives this claim. Following federal authority this Court in *People v Parshay,* 104 Mich App 411, 414; 304 NW2d 593 (1981), *lv den* 411 Mich 1081 (1981), held that a defendant's plea of guilty waives for purposes of appeal all nonjurisdictional defects in the court below including a claim of denial of the right to a speedy trial. In *People v Davis,* 123 Mich App 553, 558-559; 332 NW2d 606 (1983), another panel of this Court reasoned that a speedy trial claim is a complete and therefore jurisdictional defense which is not waived by a guilty plea.

We are inclined to follow the *Parshay* Court but find that under either view, the defendant's argument is without merit.

In *People v Grimmett,* 388 Mich 590; 202 NW2d 278 (1972), the Michigan Supreme Court adopted the four factor test set forth in *Barker v Wingo,* 407 US 514; 92 S Ct 2182; 33 L Ed 2d 101 (1972), for evaluating a claim of deprivation of the right to a speedy trial. The factors to be considered are: (1) length of delay; (2) reason for delay; (3) whether

the defendant asserted his right to a speedy trial below; and (4) prejudice to the defendant.

According to the record, defendant was arraigned on April 12, 1983, and pled guilty on May 15,1984. All pretrial motions were completed as of September 14, 1983. On October 19, 1983, a final conference was held wherein May 14, 1984, was established as the trial date. On May 10, 1984, trial was delayed until May 15, 1984, because the court was in trial on another matter. Thus, the record establishes an approximate 13-month delay between the time defendant was arrested and his guilty plea.

Concerning the length of delay factor, this Court has held that a delay between arrest and trial of over 18 months is presumptively prejudicial. *People v Bennett,* 84 Mich App 408, 411; 269 NW2d 618 (1978). However, a delay of six months is insufficient to trigger further investigation. *People v Kilgore,* 103 Mich App 812, 815; 304 NW2d 7 (1981). Because the delay in the present case was approximately 13 months, our inquiry will press further.

As to the reason for the delay, we note that defense motions were conducted during the first six months of the delay. Therefore, the first six months of the 13-month period can be reasonably attributed to defendant.

The prosecutor asserts the clogged condition of the court's dockets as the reason for the additional seven-month delay. This Court has held that "[w]hile delay of this nature is attributable to the prosecution, it has a neutral tint and should be given only minimal weight in determining whether defendant's speedy trial right has been violated." *People v Ewing,* 101 Mich App 51, 55; 301 NW2d 8 (1980).

Further, we find that defendant did not assert his right to a speedy trial in the proceedings below. While the failure to assert this right is not an automatic waiver of the right, it does weigh heavily against a finding that the right has been violated. *Kilgore, supra; People v Collins,* 388 Mich 680, 688; 202 NW2d 769 (1972).

Finally, we find that defendant has failed to establish how this delay prejudiced his cause. Defendant contends that his oppressive pretrial incarceration caused him to lose his will to engage in adversary proceedings and to involuntarily plead guilty. We find this contention to be totally unsupported by the record.

Because the reason for the delay attributable to the state was not of a bad faith nature and because defendant failed to assert his right to a speedy trial below and, on appeal, has failed to demonstrate how the delay prejudiced his case, we hold that defendant was not denied his right to a speedy trial.

Defendant's convictions are affirmed.

R. M. MAHER, J., concurred in the result only.