PEOPLE v PARSHAY

Docket No. 43074. Submitted November 12, 1980, at Detroit.—Decided March 5, 1981. Leave to appeal applied for.

Fred Parshay pled guilty to first-degree criminal sexual conduct pursuant to a plea-bargain agreement and was sentenced to prison, Detroit Recorder's Court, Susan D. Borman, J. He appeals, alleging that the delay between the filing of the complaint and the issuance of the warrant for his arrest constituted a denial of due process, that he was denied his right to a speedy trial, that he is entitled to credit for the time he spent in jail on other charges during the period of delay between the filing of the complaint and the sentencing on the current charges, and that the trial court lacked jurisdiction because he was not brought to trial within the statutory time limit. *Held:*

1. The delay between the filing of the complaint and the issuance of the warrant for defendant's arrest did not constitute a violation of due process.

2. Defendant waived his claim regarding a denial of his right to a speedy trial by his tender of a quilty plea.

3. Defendant is entitled to credit for the time spent in jail on other charges prior to sentencing following conviction on the current charges. Defendant showed sufficient prejudice to his person through the post-complaint procrastination by police in arresting him and through the lack of due diligence by police

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 253.
    Waiver or loss of accused's right to speedy trial. 57 ALR2d 302.
[2, 4, 5] 21 Am Jur 2d, Criminal Law §§ 533, 545.
    60 Am Jur 2d, Penal and Correctional Institutions § 63.
    Right to credit for time spent in custody prior to trial or sentence. 77 ALR3d 182.
[3] 21 Am Jur 2d, Criminal Law § 547.
[6] 5 Am Jur 2d, Arrest § 77.
    21 Am Jur 2d, Criminal Law § 440.
[7] 5 Am Jur 2d, Appeal and Error § 791.
    21 Am Jur 2d, Criminal Law § 227.
[8] 21 Am Jur 2d, Criminal Law § 241 *et seq.*

in pursuing their investigation of the charges in this case while he was incarcerated on the other charges.

4. The trial court did not lack jurisdiction to try defendant. Much of the delay between the time the prosecutor learned defendant was incarcerated and the time of his trial was occasioned by defendant. The prosecutor acted in good faith.

Affirmed.

1. CRIMINAL LAW — SPEEDY TRIAL — GUILTY PLEAS — APPEAL.

A defendant's claim to a denial of his right to a speedy trial is waived for purposes of appeal by his tender of a guilty plea.

2. CRIMINAL LAW — SENTENCING — CREDIT FOR TIME SERVED — STATUTES.

The statutory provision for credit given to a person convicted of a crime for time served in jail prior to sentencing is remedial in nature and is to be liberally construed except where such construction would defeat the purpose of a consecutive sentencing statute (MCL 769.11b; MSA 28.1083[2]).

3. CRIMINAL LAW — CONCURRENT SENTENCES.

Sentences must run concurrently absent explicit statutory authorization to the contrary.

4. CRIMINAL LAW — SENTENCING — CREDIT FOR TIME SERVED — JUDICIAL CONSTRUCTION — DUE DILIGENCE — STATUTES.

The statutory provision for credit for time served in jail prior to sentencing should be construed liberally and reasonably by a trial court to require the same due diligence on the part of police in pursuing an investigation of a defendant prior to the issuance of an arrest warrant as is required of a prosecutor in securing witnesses for trial, and where the police have failed to exercise such due diligence and delay in the issuance of an arrest warrant results a defendant, who is ultimately convicted of the crime charged and who was incarcerated for a separate offense which does not preclude concurrent sentencing during the period of delay, must be given credit for time served from the beginning of his incarceration for the separate offense and not merely from the date upon which the arrest warrant was issued for the second offense (MCL 769.11b; MSA 28.1083[2]).

5. CRIMINAL LAW — SENTENCING — CREDIT FOR TIME SERVED — DUE DILIGENCE — STATUTES.

The police have the burden of establishing due diligence in pursuing an investigation prior to the issuance of an arrest warrant for purposes of construing the statutory provision for

credit for time served in jail prior to sentencing and, where a defendant is convicted and sentenced on charges arising out of such investigation and, during the period of time in which the investigation transpired, the defendant was incarcerated on other charges, a lack of due diligence requires that the defendant be given credit for the time served in jail as a result of the other charges (MCL 769.11b; MSA 28.1083[2]).

6. Criminal Law — Arrests — Due Diligence.

A defendant in a criminal action should not suffer the consequences of an administrative delay in his arrest, and lack of due diligence in pursuing post-complaint investigations by the police resulting in a failure to arrest a defendant contemporaneously with the issuance of a warrant while he is incarcerated on pending charges is a form of such delay.   .

7. Criminal Law — Appeal — Due Process.

A defendant must establish prejudice to his defense occasioned by a delay between the filing of a complaint and his arrest to obtain a reversal of his conviction on appeal for denial of due process.

8. Criminal Law — Incarcerated Defendants — Speedy Trial — Prosecuting Attorneys — Statutes.

A lapse of more than 180 days between the time a prosecutor learns that a defendant against whom there are outstanding charges is an inmate of a penal institution and the time of his trial establishes a prima facie violation of the statutory provision that trial is to be had in such a case within 180 days; in order to prevent the operation of the statute, the prosecution must show good faith on its part to ready the case for trial within such period (MCL 780.131; MSA 28.969[1]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Andrea L. Solak,* Assistant Prosecuting Attorney, for the people.

*James Krogsrud,* Assistant State Appellate Defender, for defendant on appeal.

Before: Bronson, P.J., and J. H. Gillis and Cynar, JJ.

PER CURIAM. Defendant was convicted, upon his plea of guilty, of criminal sexual conduct in the first degree (CSC I), MCL 750.520b(1)(b); MSA 28.788(2)(1)(b). Pursuant to a sentencing agreement, defendant was sentenced to from 6-1/2 to 10 years imprisonment. Two counts of CSC III and a second count of CSC I pending against defendant, arising from the same criminal transaction, were dismissed in exchange for defendant's plea. Defendant now appeals as of right.

Defendant first argues that he was denied due process of law as a result a five-month delay from the time a complaint was received by the Detroit police to the date the prosecutor's office issued a warrant for defendant's arrest. *On the facts of this case,* we find defendant's argument to be without merit. *United States v Lovasco,* 431 US 783; 97 S Ct 2044; 52 L Ed 2d 752 (1977), *People v Hernandez,* 15 Mich App 141; 170 NW2d 851 (1968).

Defendant's claim regarding a denial of his right to a speedy trial was waived for purposes of appeal by his tendering of a plea of guilty. *Speed v United States,* 518 F2d 75, 77 (CA 8, 1975), *cert den sub nom Camp v United States,* 423 US 988; 96 S Ct 398; 46 L Ed 2d 306 (1975), *United States v Lee,* 500 F2d 586 (CA 8, 1974), *cert den* 419 US 1003; 95 S Ct 322; 42 L Ed 2d 279 (1974).

Next, we address the question of whether defendant is entitled to additional credit against the sentence imposed by the trial court.

It is well settled that Michigan's credit statute, MCL 769.11b; MSA 28.1083(2), is remedial and is to be liberally construed. *People v Stange,* 91 Mich App 596, 600; 283 NW2d 806 (1979), and cases cited therein. The only recognized exception to this rule is where a liberal construction would defeat the purpose of a consecutive sentencing statute.

*Brinson v Genesee Circuit Judge,* 403 Mich 676, 686; 272 NW2d 513 (1978). Additionally, absent explicit statutory authorization to the contrary, sentences must run concurrently and not consecutively. *People v Lawson,* 75 Mich App 726, 730; 255 NW2d 748 (1977), *People v Face,* 88 Mich App 435, 441; 276 NW2d 916 (1979).

The complaint against defendant on the CSC I charge of which he was convicted was filed on February 25, 1977. On March 1, 1977, defendant was incarcerated in the Oakland County jail on an unrelated charge. However, not until August 8, 1977, was an arrest warrant issued. Officer Cheryl Friday of the Detroit Police Department was assigned to investigate the allegations of the two complainants. The police were apparently unsatisfied with the prospect of pursuing the case on the statements of the complainants, themselves. Thus, they did not immediately seek a warrant. Instead, the police hoped to find an alleged res gestae witness named "Lee" to corroborate the victims' allegations. With these actions by the Detroit Police Department we have no complaint. Indeed, we commend the department for taking the time to investigate the complainants' assertions prior to seeking a warrant.

The problem here, however, is that Officer Friday made no attempt to locate the missing witness until some time after June 28, 1977. At this time, Officer Friday discovered that Lee had been evicted two or three months earlier and had left no forwarding address. Although the testimony is not entirely clear, it appears that had Officer Friday immediately begun her investigation of the complaints, she would have located Lee without problem. Assuming Lee had been evicted before or within a few days of the time the complaints were

filed so that even had Officer Friday acted promptly she would have had difficulty finding him, it is a probability that Lee's trail would have been easier to pursue. As it was, the warrant was issued without Lee ever being located.

Officer Friday's explanation for failing to act quicker in her search for Lee was that she had a heavy case load, a week of night duty, and possibly some vacation time. In our opinion, a liberal and reasonable construction of the credit statute would require the police to act with due diligence in pursuing their investigation prior to the issuance of a warrant. What constitutes "due diligence" should be considered in the same light as a prosecutor's duty to exercise due diligence in securing a witness for trial. See, for instance, *People v Barker,* 18 Mich App 544; 171 NW2d 574 (1969), *lv den* 383 Mich 813 (1970), *People v Eugene Harris,* 43 Mich App 531; 204 NW2d 549 (1972), *People v James,* 51 Mich App 777; 216 NW2d 473 (1974), *lv den* 394 Mich 756 (1975), *People v McPherson,* 84 Mich App 81; 269 NW2d 313 (1978), *lv den* 407 Mich 896 (1979). Where the police have failed to live up to this standard and delay in the issuance of an arrest warrant is the result, if defendant is incarcerated on another offense, unless that other offense precludes concurrent sentencing, we believe defendant must be given credit from the beginning of his incarceration and not just from the date upon which the arrest warrant is issued.

We fear that a contrary resolution would encourage police to be lackadaisical in their approach to investigating crimes allegedly committed by those they know to be in custody. To the extent that the police desire to keep a defendant incarcerated as long as possible, the contrary approach affirmatively fosters dubious practices by making

the date the arrest warrant is issued the sole date of any significance in relation to credit. While it is true that the trial court found the delay here explainable and not deliberate, the reasons given by Officer Friday for the delay do not make out a showing of due diligence in the investigation, and it is always difficult to prove that somebody acted deliberately instead of negligently. In the context of sentence credits and post-complaint investigation, we believe that the burden must be on the police to show that their actions were diligent to insure that the purpose of the credit statute is not defeated.

*People v Coyle,* 104 Mich App 636; 305 NW2d 275 (1981), involved the failure to "arrest" a defendant contemporaneously with the issuance of a warrant while he was already in jail on pending charges. There, this same panel held that defendant should not suffer the consequences of an "administrative delay in arresting him". We believe that *Coyle* supports our position on this issue. A police department's lack of diligence in post-complaint investigation is a form of "administrative delay". Had the investigation been better managed, the delay here would be nonexistent. Compare, *Face, supra.*

There are many good reasons to require a defendant to establish prejudice to his defense prior to reversing a conviction on due process grounds based upon a delay between the filing of a complaint and his arrest. On the facts of this case, no reversal is warranted on this basis. However, where there has been post-complaint procrastination in arrest and no showing of due diligence in the investigation, a defendant has shown sufficient prejudice to his person (although not necessarily his ability to defend against the charges) to entitle him to additional credits.

We, therefore, conclude that defendant is entitled to an additional 157 days credit on his sentence.

As a final issue, defendant contends that the trial court lost jurisdiction to try him because he was not brought to trial within 180 days of the issuance of the warrant in the case at bar, at which time he already was incarcerated pursuant to the command of MCL 780.131; MSA 28.969(1). We disagree, for we find that much of the delay in this case was attributable to defendant, himself, and that the prosecutor engaged in continued good-faith action and had readied the case for trial in a timely fashion under the 180-day rule. Any delay beyond the 180-day period was excusable on the facts of this case. *People v Hendershot,* 357 Mich 300; 98 NW2d 568 (1959), *People v Hill,* 402 Mich 272, 281-282; 262 NW2d 641 (1978), *People v Ferguson,* 94 Mich App 137, 142-144; 288 NW2d 587 (1979), *lv den* 409 Mich 949 (1980).

We find no error necessitating remand or reversal and, therefore, affirm defendant's conviction. We modify defendant's sentence to reflect an additional 157 days credit thereon.

Affirmed as modified.