PEOPLE v DAVIS

Docket No. 62548. Submitted November 4, 1982, at Grand Rapids.—
Decided February 25, 1983.

Douglas C. Davis, Jr., was bound over for trial in St. Joseph
Circuit Court on a charge of arson on June 29, 1978. He then
filed a notice of insanity defense. The trial court ordered
defendant committed for a diagnostic examination to determine
defendant's competency to stand trial and his responsibility for
the offense. Defendant was sent to the Kalamazoo Regional
Psychiatric Hospital and civilly committed thereto on Septem-
ber 17, 1978. Defendant claims he escaped from the hospital on
July 6, 1979, and returned on February 8, 1980. The record
suggests a longer absence. On June 26, 1980, it being apparent
that defendant had not been given a forensic examination, the
trial court ordered a second commitment for a diagnostic
examination. Following the filing of the psychiatric report and
the holding of a hearing, defendant was found incompetent to
stand trial. Three months later, defendant was re-examined
and found competent to stand trial. Defendant pled guilty but
mentally ill in Kalamazoo Circuit Court to a charge of arson of
real property and was sentenced, James E. Hoff, J. Defendant
appeals. *Held:*

1. The two-year delay between the original order for commit-

REFERENCES FOR POINTS IN HEADNOTES

[1] 41 Am Jur 2d, Incompetent Persons §§ 39, 40.

[2] 21 Am Jur 2d, Criminal Law §§ 473, 490.

[3] 21 Am Jur 2d, Criminal Law § 336.

[4, 5] 21A Am Jur 2d, Criminal Law §§ 652, 653, 849, 850.

Accused's right to speedy trial under Federal Constitution—Su-
preme Court cases. 21 L Ed 2d 905.

[6] 21A Am Jur 2d, Criminal Law §§ 654, 853.

[7] 21A Am Jur 2d, Criminal Law §§ 872, 873.

[8, 9] 21 Am Jur 2d, Criminal Law § 474.

21A Am Jur 2d, Criminal Law §§ 984, 985.

Modern status of rules and standards in state courts as to adequacy
of defense counsel's representation of criminal client. 2 ALR4th
27.

Adequacy of defense counsel's representation of criminal client
regarding guilty pleas. 10 ALR4th 8.

ment for forensic examination and the administration of the examination does not require reversal.

2. The delay in bringing defendant to trial exceeded 31 months, therefore, prejudice to defendant must be presumed. Since the record fails to disclose the reasons for the delay, the case must be remanded to the trial court for an evidentiary hearing and findings of fact as to the reasons for the delay in defendant's prosecution. Final disposition of defendant's claim of denial of his right to a speedy trial must await the trial court's findings as to the reasons for the delay.

3. The fact that defendant was represented by a succession of three different attorneys over a 2-1/2 year period does not require a finding that defendant was denied effective assistance of counsel. Defendant's argument that the changes in counsel precluded him from developing a normal attorney-client relationship is rejected.

4. The grant or denial of a petition for appointment of appellate counsel rests in the discretion of the trial court. Defendant has not established that the trial court abused its discretion by postponing its ruling on defendant's petition for nine months. Therefore, his argument that the nine-month delay denied him due process of law fails.

Remanded for further proceedings as outlined in the opinion.

1. MENTAL HEALTH — DUE PROCESS.

An individual may not be committed to a psychiatric institution for an extended period except after a due process hearing.

2. CRIMINAL LAW — GUILTY PLEAS — JURISDICTIONAL DEFENSES — WAIVER — SPEEDY TRIAL.

A guilty plea does not waive jurisdictional defenses, including a claim of denial of the right to a speedy trial.

3. CRIMINAL LAW — JURISDICTIONAL DEFENSES.

A jurisdictional defense is a complete defense, *i.e.,* a defense that would bar conviction even if the people prove their case.

4. CRIMINAL LAW — SPEEDY TRIAL — REMEDIES.

A defendant who has been denied a speedy trial may not be properly convicted and, if convicted, the conviction must be reversed and the defendant discharged.

5. CONSTITUTIONAL LAW — SPEEDY TRIAL.

The right to a speedy trial is guaranteed to a criminal defendant by both the United States and Michigan Constitutions (US Const, Am VI; Const 1963, art 1, § 20).

6. Criminal Law — Speedy Trial.

   The four factors to be considered by a court when faced with a claim of denial of the right to a speedy trial are: (1) length of delay, (2) reason for delay, (3) the defendant's assertion of his right to a speedy trial, and (4) prejudice to the defendant.

7. Criminal Law — Speedy Trial — Presumptions.

   An 18-month delay in bringing a criminal defendant to trial is presumptively prejudicial; following a delay of 18 months or more, the prosecution has the burden of showing that the defendant was not prejudiced by the delay.

8. Criminal Law — Guilty Pleas — Assistance of Counsel.

   A defendant's claim of ineffective assistance of counsel is reviewable after a guilty plea.

9. Criminal Law — Assistance of Counsel.

   The standard to determine whether a defendant had effective assistance of counsel in a criminal trial is (1) whether defense counsel performed at least as well as a lawyer with ordinary training and skill in the criminal law and conscientiously protected his client's interests, undeflected by conflicting considerations, and (2) whether defense counsel made a serious mistake but for which the defendant would have had a reasonably likely chance of acquittal.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert Cares,* Prosecuting Attorney, and *Jeanette L. Jackson,* Assistant Prosecuting Attorney, for the people.

*O'Malley & Welty* (by *William D. Welty),* for defendant on appeal.

Before: MacKenzie, P.J., and R. M. Maher and C. W. Simon, Jr.,* JJ.

Per Curiam. Defendant pled guilty to arson of real property. MCL 750.73; MSA 28.268. Sentenced to from 6-1/2 to 10 years, he appeals by right.

The facts relevant to this appeal, so far as we can determine, are as follows. Defendant was ar-

* Circuit judge, sitting on the Court of Appeals by assignment.

rested in June, 1978. He was given a preliminary examination on June 29, 1978, and was bound over to circuit court. At that time, defendant was represented by appointed counsel. Within ten days, defendant filed a notice of insanity defense. The trial court, on July 10, ordered the defendant committed for a diagnostic examination to determine competency to stand trial and his responsibility for the offense. On that date, the trial court also appointed new counsel for defendant. Shortly thereafter, the defendant was removed from the county jail to the Kalamazoo Regional Psychiatric Hospital due to his behavior problems. The next two years are something of a mystery unilluminated by the record. Apparently, the defendant was civilly committed to the Kalamazoo Regional Psychiatric Hospital on September 17, 1978. At some point during his stay at the hospital, the defendant escaped; however, the duration of his absence is unclear. The defendant claims that he left the hospital on July 6, 1979, and returned on February 8, 1980. The record suggests—but does not establish—a longer absence. Nevertheless, by June 26, 1980, it had become clear that the defendant had not been given a forensic examination and, on that date, the trial court ordered a second commitment for a diagnostic examination. The psychiatric report was filed on September 8, 1980, and, on the same day, defendant was found incompetent, after a hearing. The trial court also appointed a new attorney for defendant. Defendant was later re-examined for competency and, on December 17, 1980, the trial court found him competent to stand trial. Defendant pled guilty but mentally ill to arson of real property on March 10, 1981. On April 3, 1981, defendant petitioned for appointment of appellate counsel. The trial court granted the petition on January 14, 1982.

Defendant raises four issues on appeal which we discuss in the order presented.

First, defendant argues that the two-year delay between the original order for commitment for forensic examination and the administration of the examination requires reversal. Defendant advances three arguments. Initially, he contends that the delay violated MCL 330.2044; MSA 14.800(1044). That statute provides in pertinent part:

"(1) The charges against a defendant determined incompetent to stand trial shall be dismissed:

\* \* \*

"(b) Fifteen months after the date on which the defendant was originally determined incompetent to stand trial."

Defendant's reliance on that statute is misplaced. The 15-month statutory period begins to run after an accused is adjudicated incompetent, not after he is ordered committed for diagnostic examination. While more than 15 months elapsed between the trial court's first order for commitment and defendant's conviction, only 6 months separated the adjudication of his incompetence and his guilty plea. Thus, the statute did not require dismissal of the charge against defendant. Next, defendant maintains that the delay violated MCL 330.2028; MSA 14.800(1028). That statute mandates that a forensic examination shall be performed "within 60 days of the date of the order" to undergo such a procedure. Defendant's examination was conducted well after the 60-day period had elapsed. We cannot agree with defendant, however, that that delay alone requires reversal on due process grounds. While the delay may have impaired defendant's ability to develop his insanity defense to some

extent, the delay would not have prohibited defendant from securing a fair trial. Finally, defendant contends that certain United States Supreme Court cases require reversal of his conviction. In *Jackson v Indiana,* 406 US 715; 92 S Ct 1845; 32 L Ed 2d 435 (1972), the Court held that substantive and procedural safeguards must be followed to commit an accused who has been determined incompetent where the commitment is virtually permanent. In *McNeil v Director, Patuxent Institution,* 407 US 245; 92 S Ct 2083; 32 L Ed 2d 719 (1972), the Court held that an individual cannot be committed "for observation" for a long period of time without a due process hearing. These cases establish that an individual may not be committed to a psychiatric institution for an extended period except after a due process hearing. The record, as we noted above, does not affirmatively disclose that defendant was formally committed in September, 1978. If he was not, defendant's extended institutionalization would have been a denial of due process. Nevertheless, defendant's current incarceration is not a result of his commitment; it is the product of his conviction on a plea of guilty. Any defect in the validity of the commitment did not infect the validity of defendant's conviction.

Second, defendant argues that he was denied his right to a speedy trial. The people contend that defendant has waived this claim by pleading guilty, citing *People v Parshay,* 104 Mich App 411; 304 NW2d 593 (1981), *lv den* 411 Mich 1081 (1981). We disagree with *Parshay* and hold that a speedy trial claim is not waived by a guilty plea. A guilty plea does not waive jurisdictional defenses. *People v Alvin Johnson,* 396 Mich 424; 240 NW2d 729 (1976), *cert den* 429 US 951; 97 S Ct 370; 50 L Ed 2d 319 (1976). A jurisdictional defense is a com-

plete defense, that is, a defense that would bar conviction even if the people prove their case. *People v Reid,* 113 Mich App 262; 317 NW2d 589 (1982); *People v Riley,* 88 Mich App 727; 279 NW2d 303 (1979). A defendant who has been denied a speedy trial may not be properly convicted and, if convicted, the conviction must be reversed and the defendant discharged. See *People v Bennett,* 84 Mich App 408; 269 NW2d 618 (1978). Consequently, a claim of denial of the right to a speedy trial is a complete defense and is not waived by a guilty plea.

We next proceed to the merits of defendant's speedy trial claim. The right to a speedy trial is guaranteed to a criminal defendant by both the federal and Michigan Constitutions. US Const, Am VI; Const 1963, art 1, § 20. In *People v Grimmett,* 388 Mich 590; 202 NW2d 278 (1972), the Michigan Supreme Court adopted the four-factor inquiry into a denial of speedy trial claim announced by the United States Supreme Court in *Barker v Wingo,* 407 US 514; 92 S Ct 2182; 33 L Ed 2d 101 (1972). The four factors to be considered are: (1) length of delay, (2) reason for delay, (3) the defendant's assertion of his speedy trial right, and (4) prejudice to the defendant. Applying this analysis to the present case, we find as follows:

*Length of delay:* The purpose of this factor was well stated in *Barker v Wingo, supra:*

" 'The length of delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial there is no necessity for inquiry into the other factors that go into the balance.' " 407 US 514, 530, quoted in *People v Collins,* 388 Mich 680, 688-689; 202 NW2d 769 (1972).

The Michigan Supreme Court has long held that

an 18-month delay is presumptively prejudicial. See *People v Den Uyl,* 320 Mich 477; 31 NW2d 699 (1948); *People v Grimmett, supra; People v Collins, supra.* The delay in the present case exceeded 31 months. We must presume that defendant was prejudiced by this protracted postponement and proceed to consider the other factors.

*Reason for delay:* This factor calls on us to examine the extent to which the delay was justified. Our inquiry is hampered, however, by a record that fails to disclose the reasons underlying the delay. In particular, we are uncertain why defendant's second diagnostic examination was delayed for two years. The record suggests that during most of this period the defendant was away from Kalamazoo Regional Psychiatric Hospital without permission. The record, however, is not definite on this point. Accordingly, we remand to the trial court to conduct an evidentiary hearing and make findings of fact as to the reasons for the delay in defendant's prosecution. Within 60 days from the release date of this opinion the trial court shall conduct this hearing and file with this Court the hearing transcript along with the trial court's findings of fact.

The record need not be amplified to consider the remaining two factors.

*Defendant's assertion of speedy trial right:* The defendant did not assert his right to a speedy trial. His failure to do so, however, should not be weighted too heavily in the balance of factors. From the time of his arrest until the time of his conviction, defendant was apparently psychologically disturbed. At one point he was adjudicated incompetent to stand trial and eventually was convicted on a plea of guilty but mentally ill. He spent some time in Kalamazoo Regional Psychiat-

ric Hospital. We doubt that defendant had the mental capacity to understand that he could assert his right to a speedy trial. Compare *People v Collins, supra,* in which the defendant was sufficiently aware of his rights to file a grievance against his attorney.

*Prejudice to the defendant:* Because the delay exceeded 18 months, we presume that defendant was prejudiced. After 18 months, the prosecution has the burden of showing that the defendant was not prejudiced by the delay. *People v Collins, supra,* p 695; *People v Bennett, supra,* p 411. The people have not even attempted to show that defendant was not prejudiced. Consequently, we conclude that the defendant was prejudiced by the 31-month delay between his arrest and conviction.

Our final disposition of defendant's speedy trial claim must await the trial court's findings as to the reasons for the delay. Defendant's remaining issues, however, may be resolved without further proceedings below.

Defendant alleges that he was denied effective assistance of counsel because he was appointed, in succession, three different attorneys. An ineffective assistance of counsel claim is reviewable after a guilty plea. *People v McDonnell,* 91 Mich App 458; 283 NW2d 773 (1979), *lv den* 407 Mich 938 (1979); *People v Snyder,* 108 Mich App 754; 310 NW2d 868 (1981). In *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976), the Supreme Court announced a two-part test for evaluating ineffective assistance of counsel claims. In the first part, we measure defense counsel's conduct against the standard of competence put forth in *Beasley v United States,* 491 F2d 687, 696 (CA 6, 1974):

"Defense counsel must perform at least as well as a

lawyer with ordinary training and skill in the criminal law and must conscientiously protect his client's interests, undeflected by conficting considerations."

In the second part, we must consider whether defense counsel made a "serious mistake" and, if so, whether "but for this mistake defendant would have had a reasonably likely chance of acquittal." *People v Garcia, supra,* p 266.

Defendant asserts that he was denied effective assistance of counsel because he was represented by three separate attorneys over a 2-1/2 year period. He argues that these changes precluded him from developing a normal attorney-client relationship. Under appropriate facts, we would not hesitate to hold that an attorney who failed to consult with his client did not live up to the *Beasley* standard or made a "serious mistake" requiring reversal. But we cannot infer such facts from two changes in defendant's counsel over a 2-1/2 year period. It is entirely possible that defendant developed a normal relationship with each of his attorneys. The record, at least, does not disclose otherwise. Consequently, we must reject defendant's argument that he was denied effective assistance of counsel.

Finally, defendant argues that the nine-month delay between his petition for appellate counsel and the trial court's grant of that petition denied him due process of law. Defendant admits that no authority requires a trial court to rule on a prisoner's petition for appointment of appellate counsel within a specific period of time. We believe that this rests with the trial court's discretion. Defendant has not established that the trial court abused its discretion in postponing its ruling on defendant's petition for nine months.

Remanded for proceedings consistent with this opinion. We retain jurisdiction.