■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SARAH HICKMAN, Appellant.—Main, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered March 4, 1986, convicting defendant upon her plea of guilty of the crimes of attempted criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree.

On June 14, 1985, defendant was indicted and charged with criminal sale of a controlled substance in the third degree and promoting prison contraband in the first degree. Thereafter, on July 12, 1985, she was indicted and charged with criminal possession of a controlled substance in the fourth degree and criminal possession of a controlled substance in the third degree. This latter indictment related to defendant's arrest for possession of heroin on December 29, 1984 and on which charges she was arraigned on December 30, 1984. Defendant

moved to dismiss the July 12, 1985 indictment on the basis that it was handed down six months and 14 days after arraignment, in violation of defendant's right to a speedy trial *(see,* CPL 30.30). County Court denied the motion, and defendant subsequently pleaded guilty to attempted criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree. According to the plea agreement, she was sentenced as a second felony offender to an indeterminate prison term of 3½ to 7 years.

Defendant first contends that County Court erred in denying her speedy trial motion. Initially, we note that while defendant refers to this issue as the constitutional right to a speedy trial *(see,* US Const 6th and 14th Amends; CPL 30.20), her arguments at the hearing and on this appeal refer to the statutory right to a speedy trial *(see,* CPL 30.30). To the extent that defendant's motion was based on the statutory right, defendant's guilty plea operates as a waiver of this claim *(see, People v Taylor,* 65 NY2d 1, 6; *People v Thill,* 52 NY2d 1020, *cert denied* 454 US 829). Moreover, while a claim based on the constitutional right is not so waived *(see, People v Taylor, supra,* at 5), a consideration of the factors enumerated in *People v Taranovich* (37 NY2d 442, 445) demonstrates that defendant was not denied her constitutional right to a speedy trial.

We find without merit defendant's assertion that the sentence she received is harsh and excessive. As a rule, we will not interfere with County Court's discretion to impose sentence in the absence of extraordinary circumstances or an abuse of discretion *(People v Cyr,* 119 AD2d 901, *lv denied* 68 NY2d 756). Here, defendant was apprised of the sentence to be imposed at the time she entered her plea. In light of the circumstances of this case and defendant's status as a previously convicted felon, we can discern neither an abuse of discretion nor extraordinary circumstances justifying a reduction of defendant's sentence.

Judgment affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.