PEOPLE v RIVERA

Docket No. 94630. Submitted September 14, 1987, at Lansing. Decided
    December 7, 1987.

    Carlos Rivera, pursuant to a plea agreement, was convicted on
    his plea of nolo contendere to one count of manslaughter and
    one count of larceny in a building, Washtenaw Circuit Court,
    Ross W. Campbell, Jr., J. Defendant appealed the convictions
    separately. In his appeal of the manslaughter conviction, he
    raised a speedy trial issue. The Court of Appeals affirmed,
    holding that the speedy trial issue was a nonjurisdictional
    defect and that his plea waived all nonjurisdictional defects.
    *People v Rivera,* unpublished opinion per curiam of the Court
    of Appeals, decided July 18, 1987 (Docket No. 82113). The
    defendant raises the identical issue in this appeal of the lar-
    ceny conviction.

        The Court of Appeals *held:*

        The Supreme Court in *People v New,* 427 Mich 482 (1986),
    did not resolve the conflict on the Court of Appeals with respect
    to whether a plea of guilty or nolo contendere waives the right
    to raise a speedy trial issue on appeal. The better reasoned
    authority holds that such pleas result in a waiver of the right
    to raise the speedy trial issue on appeal.

        Affirmed.

CRIMINAL LAW — SPEEDY TRIAL — NOLO CONTENDERE PLEAS.

    The Supreme Court has not yet resolved the split of authority in
    the Court of Appeals with respect to whether a plea of guilty or
    nolo contendere waives the right to raise a speedy trial issue on
    appeal; the better reasoned authority holds that the right to
    raise a speedy trial issue is waived by the entry of a plea of
    guilty or nolo contendere.

*Frank  J.  Kelley,* Attorney  General, *Louis  J.*

REFERENCES
Am Jur 2d, Criminal Law §§ 473, 498, 865, 866.
Accused's right to speedy trial under Federal Constitution—Su-
    preme Court cases. 71 L Ed 2d 983.
Waiver or loss of accused's right to speedy trial. 57 ALR2d 302.

*Caruso,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *David A. King,* First Assistant Prosecuting Attorney, for the people.

*Hortin, Rogow & Moors* (by *Thomas O. Moors*), for defendant on appeal.

Before: M. J. KELLY, P.J., and CYNAR and DOCTOROFF, JJ.

M. J. KELLY, P.J. On February 1, 1985, pursuant to a plea agreement, defendant pled nolo contendere to one count of manslaughter, MCL 750.321; MSA 28.553, and one count of larceny in a building, MCL 750.360; MSA 28.592. His appeal from the manslaughter conviction has already been affirmed by another panel of this Court. *People v Rivera,* unpublished opinion per curiam of the Court of Appeals, decided July 18, 1986 (Docket No. 82113). Now, defendant appeals his conviction on the larceny charge. We affirm.

In exchange for defendant's plea, numerous charges including armed robbery, first-degree murder and a supplemental information were subsequently dismissed. Defendant's sole argument here is that he was denied his constitutional right to a speedy trial. Defendant raised an identical issue in the previous appeal from his manslaughter conviction. In that instance this Court rejected defendant's claim on the basis that defendant's nolo contendere plea waived all nonjurisdictional defects. The Court concluded that the claimed denial of the right to a speedy trial was a nonjurisdictional defect and defendant's argument was waived by his plea.

There has been a split on this Court over whether a right to raise on appeal a claim of a denial of the right to a speedy trial survives a

guilty plea or a plea of nolo contendere. For authority for the proposition that a speedy trial claim is waived by a plea, see *People v Parshay,* 104 Mich App 411; 304 NW2d 593 (1981), lv den 411 Mich 1081 (1981), and *People v Williams,* 145 Mich App 614; 378 NW2d 769 (1985). For the contrary position, that a speedy trial claim survives a plea, see *People v Davis,* 123 Mich App 553; 332 NW2d 606 (1983), and *People v Farmer,* 127 Mich App 472; 339 NW2d 218 (1983).

The most recent case to decide this issue sided with those cases that have held that a speedy trial issue survives a guilty plea. See *People v Sickles,* 162 Mich App 344; 412 NW2d 734 (1987). However, *Sickles* based its conclusion not on the reasoning of the prior line of cases, but on the basis that *People v New,* 427 Mich 482; 398 NW2d 358 (1986), resolved the split.

The operant language taken from *People v New* is as follows:

> Today, we hold that a defendant, after pleading guilty, may raise on appeal only those defenses and rights which would preclude the state from obtaining a valid conviction against the defendant. Such rights and defenses "reach beyond the factual determination of defendant's guilt and implicate the very *authority* of the state to bring a defendant to trial . . . ." [*People v White,* 411 Mich 366, 398; 308 NW2d 128 (1981)] (Moody, J., concurring in part and dissenting in part.) In such cases, the state has no legitimate interest in securing a conviction. On the other hand, where the defense or right asserted by defendant relates solely to the capacity of the state to prove defendant's factual guilt, it is subsumed by defendant's guilty plea. [*Id.* at 491.]

From this language, *Sickles* concludes that, despite the fact that *People v New* did not involve a speedy trial defense, the rationale in *People v New*

leads to the result that a plea of nolo contendere will not waive a speedy trial issue, because "[s]peedy trial issues do not relate to the state's capacity to prove a defendant's factual guilt but instead go more to the state's right to ultimately bring a defendant to trial." *People v Sickles, supra* at 351-351.

We are unable to agree that *People v New* has resolved this issue. The decision in *People v New* can only be characterized as more restrictive upon a defendant's rights subsequent to the acceptance of a plea of guilty or nolo contendere. *People v New* expressly rejected the more expansive language of *People v Alvin Johnson,* 396 Mich 424; 240 NW2d 729 (1976), cert den 429 US 951; 97 S Ct 370; 50 L Ed 2d 319 (1976). The portion of *Johnson* rejected by *New* as a misreading of federal authority and as unnecessary dictum provided that a guilty plea did not waive those rights "relating to insufficient evidence to bind over at preliminary examination and failure to suppress illegally-obtained evidence without which the people could not proceed . . . ." *Id.* at 444.

If panels of this Court could conclude that a guilty plea or plea of nolo contendere operated as a waiver of a due process claim based on a denial of the right to a speedy trial despite the holding in *People v Alvin Johnson,* such reasoning must still survive the holding in *People v New* in light of its broader application of waiver in guilty plea cases.

Consequently, we conclude, consistent with *People v Parshay, supra, People v Williams, supra, United States v Freed,* 688 F2d 24 (CA 6, 1982), and *United States v Lee,* 500 F2d 586 (CA 8, 1974), cert den 419 US 1003; 95 S Ct 322; 42 L Ed 2d 279 (1974), that a speedy trial claim is nonjurisdictional and thus waived by a defendant's plea of guilty or nolo contendere.

Affirmed.