**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Alan L. ANDERSON, Defendant and Appellant.**

**No. 15756.**

Supreme Court of South Dakota.

Argued Nov. 18, 1987.

Decided Jan. 6, 1988.

Janine Kern, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Roger A. Tellinghuisen, Atty. Gen., Pierre, on the brief.

Michael Stonefield, Office of Public Defender, Pennington County, Rapid City, for defendant and appellant.

MILLER, Justice.

This is an appeal from the denial of a motion to dismiss the State's case against Alan L. Anderson (Anderson) on the basis of an alleged violation of our 180–day rule (SDCL 23A–44–5.1).* We affirm.

## FACTS

A complaint was filed on May 12, 1986, charging Anderson with six counts of uttering a no-account check. Anderson appeared in magistrate court on May 19, 1986. At that time he was given a court-appointed attorney and a preliminary hearing was scheduled for May 28, 1986. Anderson later waived his right to a preliminary hearing as he wished to engage in plea negotiations with the state's attorney's office. Apparently, no-account check charges were pending against Anderson in several other counties. On June 17, 1986, Anderson appeared in circuit court before Judge Grosshans for arraignment on the six-count information. A not guilty plea was entered and the jury trial was scheduled for July 23, 1986.

Prior to the trial date, both Anderson's counsel and counsel for the State contacted the judge to obtain a continuance of the trial date in order to allow them to continue plea negotiations. The court granted the parties' request for a continuance and scheduled a status hearing for September 24, 1986.

Anderson failed to appear at the status hearing and a warrant for his arrest was issued. However, it was later discovered that Anderson had in fact appeared at the courthouse, but had been directed to the wrong courtroom. The warrant was then withdrawn. In the meantime, Anderson appeared before a Lawrence County Circuit Court Judge on a separate charge and was sentenced to serve four years in the state penitentiary.

While Anderson was in the penitentiary, the parties continued to negotiate a plea bargain. Plea negotiations between the parties remained open during the final months of 1986.

On January 12, 1987, State filed an application for writ of habeas corpus before Judge Grosshans, seeking Anderson's presence before the court on January 15, 1987, for the purpose of having a motion hearing on the charge of uttering a no-account

---

* SDCL 23A–44–5.1 was created by Supreme Court Rule 85–4 and reads as follows:

The prosecution shall dispose of all criminal cases by plea of guilty or nolo contendere, trial or dismissal within one hundred eighty days from the date the defendant has first appeared before a judicial officer on the complaint or indictment. Any period of delay shall be excluded if the trial court finds good cause for the delay. In the event of the prosecution's failure to dispose of the action within the time limit required by this section, the action shall be dismissed.

check. The writ was granted, but the hearing date was subsequently rescheduled until January 21, 1987. On that date, Anderson appeared and the parties set a new trial date for February 11, 1987.

On February 3, 1987, Anderson filed a motion to dismiss the charges against him alleging a violation of the 180–day rule. The motion to dismiss was heard and denied on February 20. The court reasoned that good cause existed for excluding certain periods of delay existing between Anderson's initial appearance before a judicial officer on May 19 and February 20, 1987, the date on which he ultimately entered his plea. After a denial of the motion to dismiss, State's plea bargain offer was accepted by Anderson, resulting in Anderson pleading guilty to one count of uttering a no-account check in exchange for State's agreement to dismiss the remaining five counts.

### DECISION

Anderson asserts that the trial court abused its discretion in denying his motion to dismiss grounded on his claimed violation of the 180–day rule. However, in view of our holding below, we need not reach that issue.

Anderson has asserted no violation of his constitutional rights to a speedy trial. He argues solely a technical noncompliance with the 180–day rule, a now codified speedy trial requirement created by Supreme Court rule. He claims no prejudice.

■ It is settled law that a voluntary and intelligent plea of guilty waives a defendant's right to appeal all nonjurisdictional defects in the prior proceedings. *State v. Schulz*, 409 N.W.2d 655 (S.D.1987); *State v. Cowley*, 408 N.W.2d 758 (S.D. 1987); *State v. Grosh*, 387 N.W.2d 503 (S.D.1986); *State v. Janssen*, 371 N.W.2d 353 (S.D.1985).

■ We hold that noncompliance with the 180–day rule is a nonjurisdictional defect. We agree with the numerous jurisdictions holding that a defendant's plea of guilty waives his claimed statutory right to dismissal under the speedy trial rule. *German v. State*, 492 So.2d 622 (Ala.Crim.App. 1985); *People v. Ervin*, 125 A.D.2d 406, 509 N.Y.S.2d 124 (1986); *People v. Kay*, 119 A.D.2d 834, 501 N.Y.S.2d 460 (1986); *People v. Madsen*, 707 P.2d 344 (Colo.1985); *Gosnell v. State*, 439 N.E.2d 1153 (Ind. 1982); *People v. Iversen*, 82 A.D.2d 895, 440 N.Y.S.2d 286 (1981); *People v. King*, 83 A.D.2d 674, 442 N.Y.S.2d 227 (1981); *People v. Juhans*, 126 Misc.2d 868, 484 N.Y.S.2d 432 (1984); *People v. C'Allah*, 100 A.D.2d 754, 474 N.Y.S.2d 305 (1984); *People v. Harris*, 103 A.D.2d 891, 478 N.Y. S.2d 188 (1984); *Wright v. State*, 496 N.E. 2d 60 (Ind.1986); *People v. Hickman*, 129 A.D.2d 836, 513 N.Y.S.2d 849 (1987).

■ Therefore Anderson, by pleading guilty, waived any objection he might otherwise have claimed under the 180–day rule.

Affirmed.

All the Justices concur.